

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Attention: Mr. T. H. Ridgeway

Dear Sir:

Opinion No. 0-4273
Re: Is it legal for the
commissioners' court to
order the payment of the
salaries of the two patrol-
men under the facts stated
from May 14, 1941 to July 7,
1941, and related questions?

Your letter of recent date requesting the opinion
of this department on the questions stated therein reads
as follows:

"The County Judge of this County has re-
quested an opinion upon two questions which I
deem advisable to submit to you for your opinion.
The facts are as follows:

"During the past several years and up to July
7, 1941, Bexar County had in its employ six high-
way patrolmen under the assumption that the law
authorized the appointment of that number of high-
way patrolmen. On May 14, 1941, after the rendi-
tion of the decision by the Supreme Court in the
case of Will W. Wood, Sheriff of Bexar County vs.
Chas. W. Anderson, County Judge of Bexar County,
which is reported in 152 S. W. (2), 1084, the
County ceased paying these patrolmen their salaries.
All six of the patrolmen continued the performance
of their duties and furnished their own automobiles

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and gasoline and the County accepted their
services down to July 7, 1941, when the motion
for a rehearing was overruled in the above
cause. Two of the patrolmen were dispensed with,
leaving only four in the employ of the County.
The four who were retained were paid their
salaries and the two who were dropped from the
employ of the County were not paid their sal-
aries. These two patrolmen, who were elimi-
nated from their service on July 7, 1941 ren-
dered a bill to the Commissioners' Court for
$285.00 each, being the amount of their re-
spective salaries from May 14, 1941 to July 7,
1941. The Court recently entered an order al-
lowing their claims, the order being as follows:

'Upon motion of County Commissioner
Sam Anderson, seconded by County Com-
missioner R. W. Stappenbeck, Sr., all
members present voting "Aye": It is
ordered by the Court that the claim of
Arnold Sheldon and J. C. Rice for ser-
vices rendered Bexar County as Highway
Patrolmen for said County from May 14,
1941 to July 7, 1941, in the amount of
$285.00 each be, and the same is hereby
allowed in full and the County Auditor is
hereby authorized and instructed to draw
a warrant in favor of each of said claim-
ants for the sum of $285.00 each payable
equally out of the Road and Bridge Fund
of the four commissioners' precincts of
Bexar County, Texas.'

"Please refer to your Opinion No. O-3568,
Re: Compensation of County Highway Patrolmen,
rendered July 3, 1941. The Commissioners' Court
desires to pay these two patrolmen for their
services, if it can be legally done.

"We would like to have your opinion upon the
following two questions:

"1. Is it legal for the Commissioners'
Court to order the payment of the

salaries of these two patrolmen from
May 14, 1941 to July 7, 1941?

"2.  Since the Commissioners' Court
has entered its order upon the minutes
of the Court approving the payment of said
claims of the two patrolmen and having in-
structed the Auditor to draw warrants in
favor of said patrolmen in payment of said
claims, is it the duty of the Auditor to
draw the warrants in payment thereof?

"In this connection,we wish to direct your
attention to the case of Buster Ham vs. E. G. Garvey,
County Auditor of Bexar County, rendered by the
Fourth Court of Civil Appeals at San Antonio, on
November 12, 1941. This decision is not reported,
but a copy thereof is attached hereto.  No motion
for rehearing was filed and this decision is final.

"The order of the Commissioners' Court allowing
the claims of the two patrolmen is on its face valid
and pertains to a matter which is vested exclusively
within the jurisdiction of that Court.  It appears
to us that this order is a final judgment and could
only be set aside in a direct proceeding instituted
in the district court.  The County Auditor, being
a ministerial officer, is not vested with judicial
power and would not be authorized to hear and weigh
evidence and pass judgment upon the facts.

"Unless, the order of the Commissioners' Court
is void, it would become the duty of the Auditor
to issue the warrants or vouchers thereon as directed.
It does not occur to us that the order of the Com-
missioners' Court is void for the reason that the
County accepted the benefit of the services of
the patrolmen, and in fact, did not notify them
that their services would be dispensed with until
July 7, 1941.

"Your opinion upon the above questions will
be appreciated."

Under the facts stated in your letter Bexar County for the past several years and up to July 7, 1941, had in its employ six patrolmen under the assumption that the law authorized the appointment of that number of highway patrolmen. Apparently the commissioners' court acting in conjunction with the sheriff was acting by virtue of Article 6699B, Vernon's Annotated Civil Statutes. However, the Supreme Court of Texas in the above mentioned case of Chas. W. Anderson, County Judge, et al. v. Will W. Wood, among other things held that Article 6699B, supra, was unconstitutional.

By virtue of Article 6699, Vernon's Annotated Civil Statutes, the commissioners' court acting in conjunction with the sheriff may employ not more than two regular deputies, nor more than two additional deputies for special emergency to aid said regular deputies to be known as county traffic officers to enforce the highway laws of this State regulating the use of the public highways by motor vehicles. The question whether or not the county traffic officers, other than the four authorized to be appointed by Article 6699, supra, were de facto officers was answered in the negative in our opinion No. O-3568. As the above mentioned opinion was addressed to the county auditor of Bexar County and you refer to the same in your letter, we assume that you have a copy of the same; therefore, we do not enclose a copy of said opinion herewith.

It is our opinion that the commissioners' court acting in conjunction with the sheriff in appointing the two above mentioned county traffic officers acted without legal authority. It is our further opinion that the commissioners' court had no legal authority to require the services of the two above named county traffic officers by contract. The commissioners' court must have authority of law for its contract, and, if the authority has been given, a reasonable construction of it will be given to effect its purpose. (Commissioners' Court v. Wallace, 15 S. W. (2d) 535; Texas Jurisprudence, Volume 11, page 633)

We do not think that the case of Buster Ham v. E. G. Garvey, County Auditor of Bexar County, referred to in your letter, is analogous to the question here involved.

Honorable John R. Shook - Page 5

Therefore, it is our opinion that said case is no authority authorizing the commissioners' court to make the above mentioned order.

It is our further opinion that the commissioners' court had no authority, either expressed or implied, to make the above mentioned order and that said order is therefore void.

We have carefully considered the cases of Sluder v. City of San Antonio, 2nd S. W. (2d) 841; Edwards v. Lubbock County, 33 S. W. (2d) 482, and the authorities cited therein, holding in effect that where counties or municipalities receive benefits under contracts illegal because they are not in conformity with the Constitution or statutes or charter provision of a city, said counties or municipalities are liable on implied contracts for the reasonable value of the benefits which they have received. However, as we understand the above mentioned cases, the commissioners' court and/or the proper authorities of the city had the authority to make said contract or contracts but failed to comply with the statutes or provisions of the city charter governing the same. In other words, when a county or city has received the benefit of a contract which it had the power to make, but which was not legally entered into, the county or city may be compelled to do justice and to pay the consideration, or at least to pay for what it has received. In such cases it is said that the law will imply a contract. However, as above stated, we do not think that the commissioners' court had any authority whatever to appoint the above mentioned county traffic officers. It is our further opinion that said court had no authority to contract with said county traffic officers to perform the services which were rendered by them. Therefore the above mentioned cases are not applicable to the questions stated above.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:FS